# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> TWENTY FIREARMS, ) <br> ) <br> Defendant. ) | CIVIL NO. 3:10-CV-00741 <br> JUDGE TRAUGER |

## DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE

Plaintiff, United States of America, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, has moved for a Default Judgment and Final Order of Forfeiture forfeiting the Defendant Property in the above-captioned case to the United States of America.

On August 5, 2010, the United States of America filed a Verified Complaint *In Rem* seeking forfeiture of the above-captioned Defendant Property, alleging that the Defendant Property constitutes firearms which were involved in or used in any willful violation of 18 U.S.C. § 922 (engaging in the business of dealing in firearms without a license) and is, therefore, forfeitable pursuant to 18 U.S.C. § 924(d).

Based upon the facts contained in the Affidavit filed in support of the Verified Complaint *in Rem*, the government has established, by a preponderance of the evidence, the requisite nexus between the Defendant Property and the offenses alleged in the Verified Complaint *in Rem*.

Pursuant to Summons and Warrant for Arrest *In Rem* issued by the Clerk of this Court on August 5, 2010, the United States Marshal for the Middle District of Tennessee seized defendant property on September 23, 2010.

On August 10, 2010, Charles Kerr was served, via certified mail, return receipt, with a copy of the Verified Complaint *In Rem* and Notice of Judicial Forfeiture Proceedings.

Pursuant to the Notice of Judicial Forfeiture Proceedings, all persons claiming an interest in Defendant Property were required to file their verified claims with the Clerk of this Court within thirty-five (35) days from service of the Verified Complaint *In Rem*, and Notice of Judicial Forfeiture.

Public notice to all persons of said forfeiture action was also advertised on-line at "www.forfeiture.gov," the official internet government forfeiture site, for 30 consecutive days beginning on September 18, 2010, and ending on October 17, 2010.

Pursuant to said notice, all persons claiming an interest in Defendant Property were required to file their verified claims with the Clerk of this Court within sixty (60) days from the first date of publication of the Notice.

No person or entity has filed a Verified Claim within the time permitted by Title 18, United States Code, Section 983(a)(4)(A), and Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure.

The Clerk of this Court has entered a default as to all persons and entities claiming an interest in Defendant Property, pursuant to Rule 55(a) Federal Rules of Civil Procedure. Based on the pleadings of this case, Charles Kerr is not an infant or incapacitated and is not in the military service of the United States, within the meaning of the War and National Defense Service Members Civil Relief Act, 50 App. U.S.C. § 521.

The United States has now moved for entry of a Default Judgment and Final Order of Forfeiture and this Court is of the opinion that the Motion of the United States should be granted and Default Judgment be entered as to all persons or entities who may claim to have an interest in the Defendant Property. The Court finds by a preponderance of the evidence that the Verified

Complaint for Forfeiture establishes that the Defendant Property constitutes firearms which were involved in or used in any willful violation of 18 U.SC. § 922 (engaging in the business of dealing in firearms without a license) and is, therefore, forfeitable pursuant to 18 U.S.C. § 924(d), and, therefore, a Final Order of Forfeiture should be entered.

The Motion of the United States for Default Judgment and Final Order of Forfeiture is hereby GRANTED. Therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED** that:

1. A Judgment by Default is hereby entered as to Charles Kerr and all other persons or entities with respect to any interest they may have in the Defendant Property.

2. The government has established, through the facts set forth in the Complaint and Affidavit, by a preponderance of the evidence that there is a nexus between the Defendant Property and the offenses alleged in the Verified Complaint *in Rem* such that the Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 924(d).

3. The Defendant Property more particularly described as Twenty Firearms, is hereby forfeited to the United States of America, and all right, title and interest in and to said property is hereby vested in the United States of America, pursuant to 18 U.S.C. § 924(d).

4. Any and all interest, right or title that Charles Kerr may have in the Defendant Property is hereby extinguished.

5. The United States Marshals Service or the Bureau of Alcohol, Tobacco, and Firearms, as custodian of said forfeited property, shall dispose of the same according to law.

6. The Clerk of this Court shall provide the United States Attorney's Office and the United States Marshals Service with a certified copy of this order.

Dated on this, the 15th day of August, 2011.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE